W. James Young, Esq.
c/o National Right to Work Legal
     Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
Facsimile — (703) 321-8510
E-Mail — wjy@nrtw.org

Attorney for Plaintiff

United States District Court
for the Northern District of California
San Francisco or Oakland Division

| | |
|---|---|
| Mark R. Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Superior Court, County of Contra Costa;<br>Kate Bieker, Chief Executive Officer,<br>Superior Court, County of Contra Costa;<br>and AFSCME Local 2700,<br><br>        Defendants. | Case No. 3:18-cv-5472<br><br><br><br>**Complaint for Declaratory and Injunctive Relief** |

## Complaint

1.      This is a civil rights action pursuant to 42 U.S.C. § 1983, seeking equitable relief, declaratory relief, equitable restitution, nominal damages and other relief to prevent and/or redress the deprivation under color of California law of Plaintiff's rights, privileges and immunities under the United States Constitution.  Defendant has deprived, and is threatening to continue to deprive, Plaintiff of his constitutional rights.  Specifically, Defendant Superior Court, County of Contra Costa, has persisted in seizing from Plaintiff union dues notwithstanding his resignation from union membership and his revocation of his dues checkoff authorization.  This seizure of union dues violates Plaintiff's First, Fifth, and Fourteenth Amendment rights as set forth by the United States Supreme Court in *Janus v. AFSCME,* 138 S.Ct. 2448, 2018 WL 3129785 (2018).  Unless this Court

enters a preliminary and permanent injunction against Defendants to prevent any further seizures of union dues, Plaintiff's First, Fifth, and Fourteenth Amendment rights will be irreparably damaged.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2. This action arises under the Constitution and laws of the United States, particularly the First, Fifth, and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331.

3. This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States, particularly the First, Fifth, and Fourteenth Amendments thereto. The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1343, pursuant to which this Court may grant: a) nominal damages for the violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights; b) preliminary and permanent injunctive relief against any further seizures of union dues, however denominated and adverse employment actions for his refusal to comply with Local 2700's unlawful demands; and c) reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

4. This is also a case of actual controversy where Plaintiff is seeking a declaration of his rights under the Constitution of the United States. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon, including preliminary and permanent injunctive relief, pursuant to Rule 65, FED.R.CIV.P.

5. **Venue:** Pursuant to 28 U.S.C. § 1391(b) and § 1392, venue is proper in this Court because Defendants either reside and/or have offices and conduct their business in the judicial district of the United States District Court for the Northern District of California.

6. **Intradistrict Assignment:** This case arises in the County of Contra Costa and, therefore, pursuant to Civil Rule 3-2(d), N.D.CAL., should be assigned to the San Francisco Headquarters or the Oakland Division.

## PARTIES

7. Plaintiff Mark R. Smith is, and was at all times mentioned herein, an individual employed by the Superior Court, County of Contra Costa ("the Court"). As such, he is a "trial court employee[ ]" within the meaning of the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71600 *et seq.* (West). Plaintiff is in a bargaining unit represented by Defendant AFSCME Local 2700 ("Local 2700"). Plaintiff is not a member of Local 2700, having resigned his union membership by an email transmitted to and received by Local 2700 on 2 July 2018.

8. Defendant Superior Court, County of Contra Costa ("the Court") is a "trial court" within the meaning of the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71601(k). As such, the Court is authorized to enter into agreements governing the terms and conditions of Plaintiff's employment, including so-called "organizational security" agreements, CAL. GOVT. CODE ANN. § 71632.5, with a labor organization which has been certified as the employees' exclusive representative for purposes of collective bargaining, such as Local 2700.

9. Defendant Kate Bieker is the Chief Executive Officer of the Court and as such, is generally responsible for all of the day-to-day administrative operations of the Court, including the supervision of Court's employees, and enforcement of and/or compliance with its agreements, including labor agreements. She is sued in her official capacity.

10. Defendant Local 2700 is a "recognized employee organization" as defined in the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71601(h), and has been recognized as the exclusive representative under said law for collective bargaining purposes of all employees in the relevant bargaining unit. On information and belief, Local 2700 maintains an office at 1333 Pine Street, Suite 1, Martinez, California 94553, and is an unincorporated association formed and existing under the laws of the State of California. Local 2700 conducts its business and operations within the State of California and within the Northern District of California. Upon information and belief, Defendant Local 2700 is affiliated with and pays monies to, *inter alia*, the American Federation of State, County, and Municipal Employees ("AFSCME"), and the American Federation of Labor-Congress of Industrial Organizations ("AFL-CIO").

CAUSE OF ACTION

11. Acting in concert under color of state law — to-wit, the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71600 *et seq.* (West) — Defendants Local 2700 and the Court have entered into an MOU controlling the terms and conditions of Plaintiff's (and others) employment which is, and was at all times material hereto, in effect.

12. Pursuant to the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71632.5, the MOU contains an organizational security (or "Union Security") article which purports to require that Plaintiff, and all bargaining unit employees, either become and/or remain a member of Local 2700, or in the alternative, pay a service fee to Local 2700 in an amount not exceeding monthly dues. A true and correct copy of relevant portions of the MOU between the Court and Local 2700, effective by its terms from 1 October 2012 through 30 September 2016, with relevant portions extended after its expiration, is attached hereto and incorporated herein as Exhibit A.

13. Plaintiff, while formerly a member of Local 2700, resigned from Local 2700 on or about 3 July 2018. A true and correct copy of his letter resigning from union membership, along with the certified mail receipt, are attached hereto and incorporated herein as Exhibits B(1) and B(2).

14. On or about 28 June 2018, Plaintiff invoked his rights under *Janus*, *supra*, and informed the Court of his resignation from union membership, and demanded that the Court cease deductions of union dues from his wages. *See* Exhibit B hereto; a true and correct copy of his email to Shannon Lem, an employee of the Court and an agent of Defendant Bieker, is attached hereto and incorporated herein as Exhibit C.

15. Notwithstanding Plaintiff's resignation from membership in Local 2700, the Court and Local 2700 have failed to honor his status, and have persisted in deducting union dues from his wages. A true and correct copy of Plaintiff's most recent direct deposit advice, showing the deduction of union dues, is attached hereto and incorporated herein as Exhibit D.

16. Defendant Local 2700 has refused to recognize and honor Plaintiff's resignation and revocation of his dues checkoff authorization, and has erected new impediments to Plaintiff's exercise of his rights, to-wit: in a series of emails dated 19 and 20 August 2018, Local 2700 refused

to honor Plaintiff's resignation and dues checkoff revocation unless he executes a coercive and self-serving union form.  A true and correct copy of the email chain, and the form, are attached hereto and incorporated herein as Exhibits E(1) and E(2), respectively.

17. While Plaintiff also transmitted his resignation *via* certified mail, return receipt requested, *see* Exhibit B, Defendant Local 2700 left it "unclaimed."  A true and correct copy of the front and back of the envelope in which it was transmitted to Defendant is attached hereto and incorporated herein as Exhibit F.

18. Upon information and belief, the Court has relied upon the provisions of SB 688, signed by the Governor of California on 27 June 2018, creating new impediments to the exercise of his right to refrain from union membership and revoke his dues checkoff authorization.  Specifically, SB 688 amends the Trial Court Employment Protection and Governance Act, CAL. GOVT. CODE ANN. § 71638 (West), to provide that "the trial court employer shall honor, a dues deduction from his or her salary or wages as provided in Section 1152, 1153, 1157.1, 1157.2, 1157.3, 1157.4, 1157.5, or 1157.7" of the California Government Code.

19. SB 688 places the sole responsibility for requesting deductions "from the salaries and wages of their members" upon employee organizations.  CAL. GOVT. CODE ANN. § 1152 (West).  It further requires that "The revocability of an authorization shall be determined by the terms of the authorization."  CAL. GOVT. CODE ANN. § 1157.3 (West).

20. The deduction by the Court of union dues under color of state law, subsequent to his resignation of union membership, violates his rights, privileges, and immunities granted by the First, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

21. Plaintiff claims his constitutional rights, as enunciated by the Supreme Court in *Janus*, to terminate all incidents of union membership, including the deduction of union dues.

22. Plaintiff's decision to remain a nonmember of Local 2700 and its affiliates is an exercise of his rights to freedom of speech, association, petition, belief, and thought guaranteed against state action by the First, Fifth, and Fourteenth Amendments to the United States Constitution.  The actions of Defendants, acting to negotiate and enforce an agreement compelling Plaintiff to pay

union dues or any portion thereof to Local 2700 and its affiliates, even for his costs of exclusive representation on behalf of Plaintiff's bargaining unit, infringes upon those fundamental rights.

23. Defendants have violated the First, Fifth, and Fourteenth Amendments to the Constitution of the United States in that they have continued to deduct union dues from his wages notwithstanding his resignation from union membership.

### CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

Plaintiff reasserts the foregoing and further alleges:

23. Defendants have deprived Plaintiff of his First, Fifth, and Fourteenth Amendment rights, as enunciated and specified in *Janus*, to terminate the collection of union dues by resigning his membership and by revoking his dues checkoff authorization.

WHEREFORE, Plaintiff prays judgment as follows:

A. For nominal exemplary damages for depriving Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States;

B. For equitable relief, a preliminary and permanent injunction prohibiting Defendants from taking any action to demand or collect from Plaintiff, by any means, union dues or so-called "fair share fees," and from taking any other action to enforce the "Union Security" provision of the Court/Local 2700 memorandum of understanding;

C. For issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that the "Union Security" section of the Court/Local 2700 memorandum of understanding is null and void on its face and/or as applied to Plaintiff, because collection of and demand for payment of union dues violates the First, Fifth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983;

D. For issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that CAL. GOVT. CODE ANN. § 71632.5 is null and void on its face and/or as applied to Plaintiff, because collection of union dues from nonmembers violates their rights pursuant to the First, Fifth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

1       E.      For costs, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

2       F.      Such other and further relief as the Court may deem just and proper.

3   DATED: 6 September 2018

4                                   Respectfully submitted,

6                                   W. JAMES YOUNG, Esq.
                                    c/o National Right to Work Legal
7                                        Defense Foundation, Inc.
                                    8001 Braddock Road, Suite 600
8                                   Springfield, Virginia  22160
                                    (703) 321-8510
9                                   E-MAIL — wjy@nrtw.org

11  ATTORNEY FOR PLAINTIFF

13                                                     H:\WP\California Cases\Smith.AFSCME\Initiating Documents\Complaint.wpd
                                                                       Thursday, 6 September 2018, 17:20:38 PM