UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT, COUNTY OF<br>CONTRA COSTA, et al.,<br><br>        Defendants. | Case No. 18-cv-05472-VC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 15 |

      Smith's motion for a temporary restraining order is denied because he has not demonstrated a need for immediate relief. To get early injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). In particular, a TRO is reserved for rare circumstances in which the status quo must be maintained and irreparable harm prevented "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

      On the merits, Smith has not provided "specific facts" explaining why it would be unlawful for the union to require him to complete an opt-out form to officially resign from the union. *See* Fed. R. Civ. P. 65(b)(1)(A).

      On the issue of irreparable harm, Smith has not explained why he couldn't stop the harm by simply completing the form, nor has he explained why, if he were able to prevail on the merits, he wouldn't be able to recover money taken from his paycheck since he sent his letter of

initial resignation to the union. *Cf. Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). And any ongoing First Amendment harm Smith might suffer from the small payments taken from several paychecks is mitigated by his failure to show that the union's opt-out procedure is burdensome or coercive.

For similar reasons, the balance of hardships and the public interest do not favor emergency relief. The harm to Smith from denying immediate relief is minimal. But the union, and by extension the public, has an interest in maintaining an orderly process for sorting out membership and dues issues in the wake of the Supreme Court's ruling in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

**IT IS SO ORDERED.**

Dated: October 4, 2018

VINCE CHHABRIA
United States District Judge