UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT, COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 18-cv-05472-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 22 |

    Smith's motion to enjoin the defendants from continuing to deduct membership dues from his paychecks is denied. Smith does not carry his burden under either variant of the preliminary injunction standard: He does not show he "is likely to succeed on the merits" or even that there are "serious questions going to the merits." *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) and *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). On January 4, 2016 Smith voluntarily became a member of the AFSCME Local 2700. He formed a contract with Local 2700 in which he agreed to pay dues for a year. *Cf. NLRB v. U.S. Postal Service*, 827 F.2d 548, 554 (9th Cir. 1987) (recognizing a dues-deduction authorization is a contract). The agreement to pay was not revocable except at the end of that year or at the next termination date of the memorandum of understanding between the Superior Court and the Union. Smith specifically consented for the dues deduction to continue for the full contractual period even if he resigned from the Union.[1] Smith cannot now invoke the First

---

[1] Smith does not appear to contest these facts, though he failed to disclose them in his application for a temporary restraining order or his renewed motion for a preliminary injunction.

Amendment to wriggle out of his contractual duties. "[T]he First Amendment does not confer . . . a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991).

The Supreme Court's recent decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), also does not give Smith license to evade his contract. In *Janus*, the Supreme Court clarified the First Amendment rights of *non-members*, who now cannot be forced to pay agency fees to a union. *Id.* at 2486. The *Janus* plaintiffs had opted out of union membership prior to the case; by contrast, Smith had opted in to union membership until *Janus* was decided. Smith wants *Janus* to stand for the proposition that any union member can change his mind at the drop of a hat, invoke the First Amendment, and renege on his contractual obligation to pay dues. Far from standing for that proposition, *Janus* actually acknowledges in its concluding paragraph that employees can waive their First Amendment rights by affirmatively consenting to pay union dues. *Id.* That's what Smith did, and he is likely on the hook to pay dues through the end of the contractual period (November 30, 2018). Smith argues his consent to pay wasn't "knowing" before *Janus* because he couldn't yet have known or understood the rights the case would clarify he had. But it's not the rights clarified in *Janus* that are relevant to Smith – Smith's First Amendment right to opt out of union membership was clarified in 1977, and yet he waived that right by affirmatively consenting to be a member of Local 2700. *See Abood v. Detroit Board of Education*, 431 U.S. 209, 235-36 (1977), *overruled by Janus*, 138 S. Ct. at 2464.

Smith also cannot show he will suffer irreparable harm absent injunctive relief. For one, the Union has placed all of Smith's dues since he resigned in an interest-bearing escrow account. Thus, were Smith to ultimately prevail in this lawsuit, there is no concern that his money will be used in the meantime for activities he disfavors. After all, it's "[c]ompelling a person to *subsidize* the speech of other private speakers" that raises First Amendment concerns. *Janus*, 138 S. Ct. at 2464 (emphasis in original). Moreover, as with his application for a temporary restraining order, Smith still has not shown why the Union's opt-out form fails to provide an avenue by which he himself could stop the deduction of dues, and with that, any risk of First Amendment harm. He

calls the form "coercive" and "self-serving," but in fact it is a discretionary offer by Local 2700 to amend the terms of the dues-deduction agreement before the contract requires the Union to do so.

Because Smith does not show there are even serious questions on the merits of his First Amendment claim or that he will suffer irreparable harm, the Court need not reach the remaining preliminary injunction factors.

**IT IS SO ORDERED.**

Dated: November 16, 2018

_____
VINCE CHHABRIA
United States District Judge